**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **COMPLETE BUSINESS SOLUTIONS GROUP,** | **:** | |
| **INC., BROADWAY ADVANCE, LLC,** | **:** | |
| **AND FAST ADVANCE FUNDING, LLC** | **:** | |
| **Plaintiffs,** | **:** | NO.:2:18-cv-04013-PBT |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| | **:** | |
| **RADIANT IMAGES, INC. AND GIANNA WOLFE:** | | |
| **Defendants,** | **:** | |

---

**PLAINTIFF's COMPLETE BUSINESS SOLUTIONS GROUP, INC., BROADWAY**
**ADVANCE FUNDING, LLC, and FAST ADVANCE FUNDING, LLC's JOINT**
**MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION TO**
**VACATE JUDGMENT OR OPEN JUDGMENT**

---

Defendants entered into no less than 17 separate, voluntary commercial agreements with Plaintiffs over approximately a three year period of time.    Defendant, Radiant sold Plaintiffs approximately **$2,382,743.80** of its receivables which presently remain outstanding.   Defendant Gianna Wolfe agreed to act as Guarantor in all 17 Agreements.   Since the inception of the business relationships between the parties, Plaintiffs have paid Radiant Images, Inc. more money for its receivables than they have retrieved from accounts receivable since 2015.

As Defendants stated and attached to their Motion, the parties entered into a Settlement Agreement on or about Mid-March of this year wherein Defendants were to make scheduled payments to Plaintiffs.    Defendants are in default on this Agreement and have received

1

notification as specified under the terms of the Agreement of their default.

**Defendants argue that the Settlement Agreement that parties entered into precludes the entry of the Confessions of Judgment.   Said Settlement agreement (Attached as Exhibit "A") states that Plaintiffs (referred to as Defendants in said Agreement) "shall be entitled to pursue the full legal remedies it possessed prior to the execution of this Agreement, less any payment made by Plaintiffs, whether such payments were made pursuant to this Agreement or otherwise." (See Paragraph number 5 of Exhibit A).    The Choice of Law given under the Settlement Agreement is Pennsylvania (See paragraph 14 of Exhibit "A").**

## I. PROCEDURAL AND FACTUAL HISTORY

Plaintiffs Wolfe and Radiant's management are very well acquainted with the concept of Merchant Cash Advances and they knowingly and willfully entered into all of the above-described transaction.   These were was not loan transactions.    These were not transactions where California law could apply (valid choice of law provisions are present in each agreement)(See Exhibit "A" – "Q" [Section 4.5 Binding Effect: Governing Law, Venue and Jurisdiction])( the CBSG and FAF contracts have Pennsylvania law applicable while the Broadway Advance agreement has New York law applicable).    However, **the Choice of Law given under the Settlement Agreement is Pennsylvania (See paragraph 14 of Exhibit "A")**

These were commercial agreements between sophisticated parties.    These transactions were in no way a loan, but instead was a purchase and sale of accounts as contemplated under Section 9 of the U.C.C.

The Complaint's "Factual Background" contains no facts, but unsupported opinions and conclusions which disparage the Merchant Cash Advance industry in general and alleged that

somehow, Plaintiffs were "forced" into entering these agreements.

These transactions were in no way a loan, but instead was a purchase and sale of accounts as contemplated under Section 9 of the U.C.C. The Factoring Agreements with CBSG provides the following Confession of Judgment provision: "WARRANT OF ATTORNEY TO CONFESS JUDGMENT. UPON THE OCCURRENCE OF A VIOLATION OF THE REPRESENTATIONS AND WARRANTIES MADE HERETOFORE BY MERCHANT, MERCHANT AND GUARANTOR IRREVOCABLY AUTHORIZE AND EMPOWER ANY ATTORNEY OR ANY CLERK OF ANY COURT OF RECORD, TO APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT AND GUARANTOR FOR SUCH SUMS AS ARE DUE AND/OR MAY BECOME DUE UNDER THIS MERCHANT AGREEMENT OR ANY ACCOMPANYING DOCUMENTS, WITH OR WITHOUT DECLARATION, WITH COSTS OF SUIT, WITHOUT STAY OF EXECUTION AND WITH AN AMOUNT, FOR LIEN PRIORITY PURPOSES, EQUAL TO TEN PERCENT (10%) OF THE AMOUNT OF SUCH JUDGMENT, BUT NOT LESS THAN ONE THOUSAND DOLLARS ($1,000.00), ADDED FOR ATTORNEYS' COLLECTION FEES, WITH THE ACTUAL AMOUNT OF ATTORNEY'S FEES AND COSTS TO BE DETERMINED IN ACCORDANCE WITH THE SECTION OF THIS BUSINESS CASH ADVANCE AND SECURITY AGREEMENT "ATTORNEY'S FEES AND COLLECTION COSTS." TO THE EXTENT PERMITTED BY LAW, MERCHANT AND GUARANTOR: (1) WAIVE THE RIGHT OF INQUISITION ON ANY REAL ESTATE LEVIED ON, VOLUTARILY CONDEMNS THW SAME, AUTHORIZES THE PROTHONOTARY OR CLERK TO ENTER UPON THE WRIT OF EXECUTION THIS VOLUNTARY CONDEMNATION AND AGREES THAT ANY REAL ESTATE MAY BE SOLD ON A WRIT OF EXECUTION; (2) WAIVE AND RELEASE ALL

RELIEF FROM ALL APPRAISMENT, STAY, EXEMPTION OR APPEAL LAWS OF ANY

STATE NOW IN FORCE OR HEREINAFTER ENACTED; AND (3) RELEASE ALL

ERRORS IN SUCH PROCEEDINGS. IF A COPY OF THIS BUSINESS CASH ADVANCE.

AND SECURITY AGREEMENT, VERIFIED BY AFFFIDAVIT BY OR ON BEHALF OF

FUNDER SHALL HAVE BEEN FILED IN SUCH ACTION, IT SHALL NOT BE

NECESSARY TO FILE THE ORIGINAL BUSINESS CASH ADVANCE AND SECURITY

AGREEEMENT AS A WARRANT OF ATTORNEY. THE AUTHORITY AND POWER TO

APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT AND GUARANTOR

SHALL NOT BE EXHAUSTED BY THE INITIAL EXERCISE THEREOF AND MAY HE

EXERCISED AS OFTEN AS FUNDER SHALL FIND IT NECESSARY AND DESIRABLE

AND THIS BUSINESS CASH ADVANCE AND SECURITY AGREEMENT SHALL BE A

SUFFICIENT WARRANT THEREFOR, FUNDER MAY CONFESS ONE OR MORE

JUDGMENTS IN THE SAME OR DIFFERENT JURISDICTIONS FOR ALL OR ANY PART

OF THE AMOUNTS OWING HEREUNDER, WITHOUT REGARD TO WHETHER

JUDGMENT HAS THERETOFORE BEEN CONFESSED ON MORE THAN ONE

OCCASION FOR THE SAME AMOUNTS. IN THE EVENT, ANY JUDGMENT

CONFESSED AGAINST THE MERCHANT OR GUARANTOR'S BEHALF IS STRICKEN

OR OPENED UPON APPLICATION BY OR ON MERCHANT'S OR GUARANTOR'S

BEHALF FOR ANY REASON, FUNDER IS HEREBY AUTHORIZED AND EMPOWERED

TO AGAIN APPEAR FOR AND CONFESS JUDGMENT AGAINST MERCHANT OR

GUARANTOR FOR ANY PART OR ALL OF THE AMOUNTS OWED HEREUNDER AS

PROVIDED FOR HEREIN, IF DOING SO WILL CURE ANY ERRORS AND DEFECTS IN

SUCH PRIOR PROCEEDINGS."   Further, the Factoring Agreements between the parties had a

full-page "Disclosure for Confession of Judgment" which was signed twice by Defendants which stated: A. THE MERCHANT ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH OBLIGEE MAY ENTER JUDGMENT BY CONFESSION AGAINST THE MERCHANT. BEING FULLY AWARE OF THE MERCHANT'S RIGHTS TO PRIOR NOTICE AND A HEARING ON THE VALIDITY OF ANY JUDGMENT OR OTHER CLAIMS THAT MAY BE ASSERTED AGAINST THE MERCHANT BY OBLIGEE THEREUNDER BEFORE JUDGMENT IS ENTERED, THE UNDERSIGNED HEREBY FREELY, KNOWINGLY, AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO OBLIGEE'S ENTERING JUDGMENT AGAINST THE MERCHANT BY CONFESSION PURSUANT TO THE TERMS THEREOF. B. THE UNDERSIGNED ALSO ACKNOWLEDGES AND AGREES THAT THE ABOVE DOCUMENTS CONTAIN PROVISIONS UNDER WHICH OBLIGEE MAY, AFTER ENTRY OF JUDGMENT AND WITHOUT EITHER NOTICE OR A HEARING, FORECLOSE UPON, ATTACH, LEVY, OR OTHERWISE SEIZE PROPERTY OR PROCEED AGAINST THE INTERESTS OF THE MERCHANT IN PROPERTY (REAL OR PERSONAL) IN FULL OR PARTIAL PAYMENT OR SATISFACTION OF THE JUDGMENT OR JUDGMENTS. BEING FULLY AWARE OF THE MERCHANT'S RIGHTS AFTER JUDGMENT IS ENTERED (INCLUDING THE RIGHT TO MOVE TO OPEN OR STRIKE THE JUDGMENT OR JUDGMENTS), THE UNDERSIGNED HEREBY FREELY, KNOWINGLY AND INTELLIGENTLY WAIVES THESE RIGHTS AND EXPRESSLY AGREES AND CONSENTS TO  OBLIGEE'S TAKING SUCH ACTIONS AS MAY BE PERMITTED UNDER APPLICABLE STATE AND FEDERAL LAW WITHOUT PRIOR NOTICE TO THE MERCHANT. C. The Merchant hereby certifies that the financial

accommodations being provided by the Obligee are for a business purpose, and not for personal, family or household use. D. The statements made in this Disclosure for Confession of Judgment are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities. See Exhibit "A" and "B" Defendants have failed to tender payments to Plaintiff in accordance with the attached written obligations. Defendants have breached the warranties and representations present in the Agreements in manners including but not limited to the following, through blocking Plaintiff access to purchased funds, not giving Plaintiff accurate and/or true financial information when applying for the sale of receivables.

A motion to open a judgment, in turn, allows the court to consider evidence that is outside the face of the record. Courtney vs. Ryan Homes, 345 Pa. 109, 115, 497 A. 2d 938 (1985). A motion to open, however, can only be granted when the petitioner acts promptly in filing the petition, alleges a meritorious defense and presents sufficient evidence of that defense to raise a jury question. Iron Worker's Savings & Loan Ass'n. v. IWS, Inc., 622 A.2d 367, 370 (Pa. Super. 1993); Frankford Trust Co. v. Stainless Steel Services, 475 A.2d 147, 149 (Pa. Super. 1984). A petition to open must be denied when petitioner does not provide clear, direct, precise and believable evidence of a meritorious defense, sufficient to raise a jury question. Iron Workers, 622 A.2d at 370.

As is apparent from even the most cursory review of the Complaint in Confession filed in this case, Plaintiff has fulfilled each and every requirement of Pennsylvania substantive law governing confessions of judgment. No attempt has been made by Defendants to challenge the sufficiency of the pleading itself.   No basis in law or fact exists to justify striking the Judgment entered in Plaintiff's favor.

Defendants cite California Law (which is inapplicable to the agreements giving rise to

6

this matter), alleges usury which is again inapplicable to the matter at hand as 1) these were not loans and 2) these were commercial agreements wherein Pennsylvania usury laws do not apply. Defendants does not argue any defect or imperfection in the Factoring Agreements or in the Confession of Judgment filed by Plaintiff. As will be clearly demonstrated below, each of these arguments fails as a matter of settled law and undisputed fact. Defendant has not brought forth the existence of a meritorious defense to justify opening, let alone striking, the Confessed Judgment.

Defendants have not brought forth any evidence that they did not understand any of the terms of the documents; and have not brought forth any evidence that they did not have an opportunity to have the confession of judgment provisions explained to them if they did not understand them. Defendants read and freely signed these documents indicating that they understood all of the terms and freely agreed to be bound by them. To now claim that these obligations were not clearly and conspicuously delineated is an affront to common sense, logic and undisputed fact. He gladly accepted the money Plaintiffs paid to purchase these accounts. ii. Defendants committed an uncured default under the Factoring Case Agreements There are no defects on the face of the record, as the Plaintiff properly confessed judgment against Defendants when, and Defendants do not dispute they were in total breach of these Factoring Agreements. Under Pennsylvania Rule of Civil Procedure 2952(a)(7), a complaint in confession of judgment must include "an itemized computation of the amount then due, based on matters outside the instrument if necessary, which may include interest and attorney's fees authorized by the instrument." To satisfy this requirement, a plaintiff need only provide "a breakdown of principal, interest and attorney's fees." See Courshon v. U.S. Heritage , Inc., 71 Pa. D. & C. 2d 38 (Pa. Com. Pls. 1975); see also Davis v. Woxall Hotel, Inc., 577 A.2d 636, 638 (Pa. Super. 1990)

(holding that plaintiff was not required to allege in complaint how it computed the principal amount of a confessed judgment).

## II. California Law Inapplicable to Transaction Giving Rise to Plaintiffs' Claims

Defendants make said allegations under California Law, however California law is inapplicable to any of Plaintiffs' causes of action in this matter.   In fact, Courts consistently enforce these transactions because purchases and sale of future receivables and sales proceeds are common commercial transactions expressly contemplated by the Uniform Commercial Code. Merch. Cash & Capital, LLC v. Jang Hwan Ko, 2015 US Dist. LEXIS 80151 (SDNY 2015); Prof'l Merch. Advance Capital, LLC v. McEaschern, 2015 US Dist. LEXIS 166429 (EDNY 2015); Principis Capital, LLC v. B2 Hospitality Servs. LLC, 2016 N.Y. Misc. LEXIS 2275 (Sup. Ct. N.Y. Cty. 2016).   Further, for the sake of argument, should this Court find any of these transactions to be loans, they would not be usurious in Pennsylvania as they are all commercial transactions.   (See First Sur. Fin., LLC v. Taylor Assocs. LP, 2015 Pa. Super. Unpub. LEXIS 3614 (Pa. Super. Ct. 2015) and Pa 41 P.S. § 201.)

A basic precept of contract interpretation is that agreements should be construed to effectuate the parties' intent," and therefore courts in New York "will enforce a choice-of-law clause so long as the chosen law bears a reasonable relation to the parties or the transaction."  Weisbach Elec. Corp. v. MasTec N. Am. Inc., 7 N.Y.3d 624, 859 N.E.2d 498, 500 (2006).   The parties' choice-of-law provision will control as long as the selected state has sufficient contacts with the transaction. See Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd., 230 F.3d 549, 556 (2d Cir. 2000). But "New York law allows a court to disregard the parties' choice when 'the most significant contacts' with the matter in dispute are in another state." Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel , 346 F.3d 360, 365 (2d Cir.

2003) ; see also Business Incentives Co., Inc. v. Sony Corp. of America , 397 F.Supp. 63, 67 (S.D.N.Y. 1975).

In Pennsylvania, courts will "generally honor the intent of the contracting parties and enforce choice of law provisions in contracts executed by them." *Id.* More specifically, Pennsylvania has adopted Section 187 of the Restatement, (Second) of Conflict of Laws, which provides that the law of the chosen state will be applied:

"unless either (a) the chosen state has no substantial relationship to the parties or the transaction and there is no reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue ...."

*Id.* (citing Schifano v. Schifano, 324 Pa.Super. 281, 471 A.2d 839, 843 n. 5 (1984)); Restatement (Second) of Conflict of Laws § 187 (1971).

In this matter, the contract of Complete Business Solutions Group, Inc. Fast Advance Funding and Broadway Advance each had valid choice of law provision.

Under California law itself, the choice of law provisions of the various factoring agreements would prevail.   Under California law, the forum selection clauses are valid. "No satisfying reason of public policy has been suggested why enforcement should be denied a forum selection clause appearing in a contract entered into freely and voluntarily by parties who have negotiated at arm's length." TGG Ultimate Holdings, Inc., v. Hollett, 224 F.Supp. 3d 275 at 284 (S.D.N.Y., 2016); Nedlloyd Lines B.V. v. Superior Court , 3 Cal.4th 459, 464, 11 Cal.Rptr.2d 330, 834 P.2d 1148 (1992) (citing Smith, Valentino & Smith, Inc. v. Superior Court , 17 Cal.3d 491, 495–496, 131 Cal.Rptr. 374, 551 P.2d 1206 (1976) ). In Smith, Valentino & Smith, Inc. ,

the court recognized that, while parties traditionally could not deny a court its jurisdiction, the

U.S. Supreme Court and the Third Circuit favored enforceability of forum selection clauses, and

thus adopted the same rule. See 17 Cal.3d at 495, 131 Cal.Rptr. 374, 551 P.2d 1206.   Therefore,

under Pennsylvania, New York and California law the Factoring Agreements' choice of law

provisions are valid.

   Finally, the clauses would be valid under the law of the Second Circuit. In the Second

Circuit, a four-part test determines the interpretation and enforcement of forum selection clauses.

The first inquiry is whether the clause was reasonably communicated to the party resisting

enforcement ... The second step requires us to classify the clause as mandatory or permissive,

i.e., to decide whether the parties are required to bring any dispute to the designated forum or

simply permitted to do so ... Part three asks whether the claims and parties involved in the suit

are subject to the forum selection clause ... The fourth, and final, step is to ascertain whether the

resisting party has rebutted the presumption of enforceability by making a sufficiently strong

showing that "enforcement would be unreasonable or unjust, or that the clause was invalid for

such reasons as fraud or overreaching." Phillips v. Audio Active Ltd. , 494 F.3d 378, 383–384

(2d Cir. 2007). If steps one through three are met, the clause is presumptively enforceable unless

the challenging party can prove, in step four, that the presumption has been defeated. See id.

   The Phillips test requires the Court to look to the parties' agreed-upon choice-of-law to

interpret steps two and three. See 494 F.3d at 383–384. When any contractual ambiguities arise,

the contract law of the state named in the choice-of-law provisions applies to resolve the

ambiguities; otherwise, the Court may use its own rules. See Martinez v. Bloomberg LP , 740

F.3d 211, 217–18 (2d. Cir. 2014) (using English law to interpret part of contract that does not fall

clearly into Step 3). Federal law applies to steps one and four. See id. ; see also M/S Bremen v.

<u>Zapata Off–Shore Co.</u> , 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (creating the "unreasonable or unjust" test). Under this test, for the reasons outlined below, the forum selection provisions are valid.  Plaintiffs' claims are based upon the contracts between the parties and thus any attempt at the application of California law should be dismissed by this Court.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court DENY Defendants Motion to Vacate or Open the Judgment entered by Plaintiffs.

Respectfully submitted,
**Law Office of Norman M. Valz, P.C.**

_____

Norman M. Valz, Esq.– Attorney for Plaintiffs
Law Office of Norman M. Valz, P.C.
PA I.D. No. 61338
205 Arch Street - 2nd Floor
Philadelphia, PA   19106
Tel. (215) 756-2424
Fax (215) 827-5758
Email: nvalz@msn.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 4th Day of October, I caused a true and correct copy of the foregoing Response to Defendants Motion to Vacate/Open the Judgment nd Supporting Memorandum of Law to be served upon the following:

*Via Electronic Mail and ECF*
Shane R. Heskin
Luke E. McDaniels
White & Williams, LLC
1650 Market Street
Suite 1800
Philadelphia, PA   19103

Respectfully submitted,
**Law Office of Norman M. Valz, P.C.**

_____

Norman M. Valz, Esq.– Attorney for Plaintiffs
Law Office of Norman M. Valz, P.C.
PA I.D. No. 61338
205 Arch Street - 2nd Floor
Philadelphia, PA   19106
Tel. (215) 756-2424
Fax (215) 827-5758
Email: nvalz@msn.com