# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPLETE BUSINESS SOLUTIONS GROUP, INC. BROADWAY ADVANCE, LLC, AND FAST ADVANCE FUNDING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> RADIANT IMAGES, INC. AND GIANNA WOLFE <br><br> Defendants. | CIVIL ACTION <br><br> NO.:2:18-cv-04013-PBT |

## DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S REQUEST FOR FED. R. EVID. 201, JUDICIAL NOTICE

**WHITE AND WILLIAMS LLP**
Shane R. Heskin
1650 Market Street
Philadelphia, PA 19103
(215) 864-6329
heskins@whiteandwilliams.com
*Attorneys for Defendants*

21639561v.1

## **TABLE OF CONTENTS**

**PAGE**

LEGAL ARGUMENT ...................................................................................................................1

1.     Plaintiff's Request for Judicial Notice is misplaced, inapplicable, and procedurally improper. .............................................................................................................................1

     a.     Procedural nature of the request ............................................................................1

     b.     Plaintiff's request is misplaced and inapplicable pursuant to Fed. R. Evid. 201 ..........................................................................................................................1

CONCLUSION ..............................................................................................................................3

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.*,
    969 F.2d 1384 (2d Cir. 1992)...................................................................................................2

*Morrissey v. Luzerne County Cmty. College*,
    117 Fed. Appx. 809 (3d Cir. 2004).........................................................................................2

*Summy-Long v. Pa. State Univ.*,
    2010 U.S. Dist. LEXIS 116369 (M.D. Pa. Nov. 2, 2010) .......................................................2

*United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*,
    769 F.3d 837 (3d Cir. 2014)....................................................................................................3

*United States v. Jones*,
    29 F.3d 1549 (11th Cir. 1994) ................................................................................................2

*Werner v. Werner*,
    267 F.3d 288 (3d Cir. 2001)....................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Evid. 201 ......................................................................................................................1, 2, 3

## LEGAL ARGUMENT

Defendants Radiant Images, Inc. and Gianna Wolfe ("Defendants"), by and thought its counsel, opposes Plaintiff's request for judicial notice, as follows:

**1. Plaintiff's Request for Judicial Notice is misplaced, inapplicable and procedurally improper.**

    **a. Procedural nature of the request**

As a preliminary matter, Defendants note the improprieties of Plaintiff's request which was not filed as a motion, a supplement to a motion, or an informal letter request. (*See* ECF No. 4) Notwithstanding, the unclear nature of Plaintiff's filing, and in an effort to provide an appropriate response, Defendants file the opposition within. Defendants refrain from reiterating the facts of this case as they have already narrated in detail the motion pending before this Court. (*See* ECF No. 2)

    **b. Plaintiff's request is misplaced and inapplicable pursuant to Fed. R. Evid. 201.**

Fed. R. Evid. 201 states in relevant part:

> (a) **Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
>
> (b) **Kinds of Facts That May be Judicially Noticed**. The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
>> (1) is generally known within the trial court's territorial jurisdiction; or
>>
>> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

In the filed "request for judicial notice," Plaintiff requests that the Court take judicial notice of the Court's ruling in other cases that are still actively in litigation. Namely, *Complete Business Solutions Group, Inc. vs. Suess, et al.* and *Suess vs. Complete Business Solutions Group, Inc*. The reason for this request being that "the terms of the underlying contracts giving rise to these actions

are essentially the same." In essence, Plaintiff suggests that the Court take judicial notice of evidence and facts in the *Seuss* matters. Plaintiff fails to cite to any case law supporting the proposition that the Court may take judicial notice of facts and evidence set forth in other cases or that the Court may take judicial notice of a ruling in a different case that was based on different facts and evidence.

As the Third Circuit Court noted, "[t]he Federal Rules of Evidence provide that courts may only take judicial notice of facts outside the trial record that are 'not subject to reasonable dispute.'" *Morrissey v. Luzerne County Cmty. College*, 117 Fed. Appx. 809, 815 (3d Cir. 2004) (citing to Fed. R. Evid. 201(b)). Further "[f]acts adjudicated in a prior case fall short of this standard." *Id.* (citing to *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001). *See also*, *Summy-Long v. Pa. State Univ.*, 2010 U.S. Dist. LEXIS 116369, *9 (M.D. Pa. Nov. 2, 2010) (quoting the same); *Liberty Mutual Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384 (2d Cir. 1992) ("Facts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b): they are not usually common knowledge, nor are they derived from an unimpeachable source.").

Taking judicial notice of facts determined in a different case, would in effect preclude the opposing party from introducing contrary evidence and "essentially direct a verdict against him as to the noticed fact." *Morrissey*, 117 Fed. Appox at 815 (citing to *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Accordingly, it would be improper for this Court to essentially take notice of the facts and rulings of the Court in the *Seuss* matters and impose those findings to determine the case before this Court.

Further, the judicial notice requested is improper because the rulings and Court's determinations in *Seuss* are currently being questioned. *See* Fed. R. Evid. 201 (b)(2). Plaintiff concludes the filed request noting "that both rulings are presently subject to Motions for

-2-

Reconsideration filed by counsel for [sic] [Defendant] in this matter." The mere fact that a motion for reconsideration is currently pending in the cases mentioned by Plaintiff, renders Rule 201 inapplicable. In fact, the purpose of a motion for reconsideration itself is to allow "a party may move for reconsideration by the Court "to correct manifest errors of law or fact or to present newly discovered evidence." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848 (3d Cir. 2014) (citation omitted). Thus, the pending motions for reconsideration are questioning the validity of the very subject of this request for judicial notice, rendering Rule 201 inapplicable for this additional reason.

## CONCLUSION

For the above stated reasons, we respectfully request that the Court deny Plaintiff's request and move forward with consideration of the pending motion.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

Dated:   October 12, 2018                                    By:   /s/ Shane R. Heskin
                                                                                Shane R. Heskin
                                                                                *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I, Shane R. Heskin, Esq., hereby certify that a true and correct copy of the foregoing Opposition to Plaintiff's Request was served on October 12, 2018 via the Court's ECF system, upon:

Norman M. Valz, Esq.
Norman M. Valz & Associates, P.C.
205 Arch Street, 2nd Floor
Philadelphia, PA 19104
*Attorney for Plaintiff*

**WHITE AND WILLIAMS LLP**

By: /s/ Shane R. Heskin
 Shane R. Heskin
 *Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMPLETE BUSINESS SOLUTIONS GROUP, INC. BROADWAY ADVANCE, LLC, AND FAST ADVANCE FUNDING, LLC, | CIVIL ACTION |
| Plaintiffs, | |
| v. | NO.:2:18-cv-04013-PBT |
| RADIANT IMAGES, INC. AND GIANNA WOLFE | |
| Defendants. | |

## ORDER

AND NOW, This _____ day of _____, 2018, upon consideration of Plaintiff Request for Judicial Notice, is **DENIED.**

BY THE COURT:

_____
J.

21639561v.1